IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:21-CV-00070-KDB-DSC

| | |
|---|---|
| DAVID ALLEN MASON<br>PATRICIA ANN SHUPE,<br><br>　　Plaintiffs,<br><br>　v.<br><br>WATAUGA COUNTY<br>ADAM SHANE GRAGG<br>LEN D. HAGAMAN<br>CNA SURETY CORPORATION,<br><br>　　Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Defendants' Motions to Dismiss (Doc. Nos. 24, 27), the Memorandum and Recommendation of the Honorable Magistrate Judge David S. Cayer ("M&R") entered October 28, 2021 (Doc. No. 35), and Defendants' Objections to the M&R (Doc. Nos. 37, 38).

A district court may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain pretrial matters, including motions to dismiss. 28 U.S.C. § 636(b)(1). Any party may object to the magistrate judge's proposed findings and recommendations, and the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Objections to the magistrate's proposed findings and recommendations must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir.), *cert. denied*, 551 U.S. 1157 (2007). However, the Court does not perform a *de*

*novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). After reviewing the record, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 566 U.S. 30 (2012). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The court, however, "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." *Id.* Construing the facts in this manner, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

After an independent review of the Magistrate Judge's detailed and thorough M&R, the Defendants' Objections thereto, and a *de novo* review of the motions and the full record in this matter, the Court concludes that the recommendations to in part grant and in part deny these Motions to Dismiss is correct and in accordance with the law at this stage of the proceedings,

with due regard for the standard of review of a motion to dismiss. Therefore, the findings and conclusions of the Magistrate Judge are **ADOPTED** and the Defendants' Motion to Dismiss will be **GRANTED** and **DENIED** in accordance with the M&R.

## ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

Defendants' Motions to Dismiss (Doc. Nos. 24, 27) be **GRANTED IN PART** and **DENIED IN PART**, specifically, that the Motions are **GRANTED** as to Plaintiffs': Negligence claim (Count 2); Negligent Hiring, Retention, Supervision and/or Training claim (Count 3); Wrongful Death claim (Count 4); the Punitive Damages claim (Count 5); and as to the 28 U.S.C. §1983 claim as against Defendant Hagaman in his individual capacity and Defendant Gragg in his official capacity (Count 1). The Motions are **DENIED** as to the statutory claim under N.C. Gen. Stat. § 58-76-5 (Count 6), the 28 U.S.C. §1983 claim as against Defendant Gragg in his individual capacity, and against Defendant Hagaman in his official capacity in so far as the official capacity claim against Defendant Hagaman relies on the Sheriff's Department's lack of a policy providing guidance in dealing with mentally incapacitated individuals (Count 1).

This case shall proceed to a determination of the merits on the Plaintiffs' remaining claims in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED.**

Signed: December 9, 2021

Kenneth D. Bell
United States District Judge