IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CASE NO. 5:21-cv-70-KDB-DSC

| | |
|---|---|
| DAVID ALLEN MASON, individually as next of kin and the Co-Administrator of THE ESTATE OF ANDREW JOHN MASON, and PATRICIA ANN SHUPE, individually as next of kin and Co-Administrator of THE ESTATE OF ANDREW JOHN MASON,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>LEN D. HAGAMAN, in his official capacity as Sheriff of Watauga County, North Carolina, ADAM SHANE GRAGG in his individual capacity, and CNA SURETY CORPORATION,<br><br>　　　　Defendants. | **JOINT PROTECTIVE ORDER FOR PRODUCTION OF STATE BUREAU OF INVESTIGATION REPORT** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiffs and Defendants, with the consent of the North Carolina State Bureau of Investigation, stipulate to the entry of this Protective Order allowing release of the SBI Report, File No. 2019-00945, regarding the criminal investigation into the death of Andrew John Mason during an incident in the late night hours of March 30, 2019 and the early morning hours of March 31, 2019, with deputies from the Watauga County Sheriff's Office.

Counsel for the parties and counsel for the SBI stipulate and agree to the following statements of facts in support of the Court's entry of this Joint Protective Order:

1. Counsel for Plaintiffs and Defendants have jointly requested the release of the SBI investigation report and file materials from the criminal investigation into the death of Andrew John Mason on March 31, 2019 (collectively, "SBI Report").

2. The SBI Report is not a public record under North Carolina law but it may be released by order of a court of competent jurisdiction under N.C. Gen. Stat. §132-1.4.

3. The SBI file material is relevant to the subject matter involved in the case before this Court.

4. Counsel for the SBI, after reviewing this file and related documents, has determined that they have no objection to turning over the SBI file materials requested to counsel for Plaintiff and Defendants in response to the parties' request under this Joint Protective Order for the following reasons:

   a. No policy reasons exist for denial of the parties request for production of these materials;

   b. There is no prejudice to the SBI by releasing these materials;

   c. There are no identities of persons contained in the materials which need to be protected;

   d. Any criminal investigation which might have been the subject of this SBI file has been concluded; and

   e. The interests of the State of North Carolina are not prejudiced in any way by the release of these materials to counsel for the Plaintiffs and Defendants.

The Court finds that good cause has been shown for the entry of this Protective Order and authorizes the SBI to release the SBI Report to counsel for Plaintiffs and Defendants under the following terms and conditions:

1. Except as may be otherwise provided by further order of the Court, the documents contained within the SBI Report shall be used for no purpose other than prosecuting or defending this action and shall be disclosed only to the persons identified in paragraph 2 below.

2. Access to and the use of any documents, or any part thereof, of the SBI Report shall be limited to:

    a. The Court;
    b. The parties and attorneys of record for the parties;
    c. Court-appointed mediators;
    d. Consultants and experts involved in the preparation of this action;
    e. Court reporters and videographers, their transcribers, assistants, and employees;
    f. Any potential or actual deposition, hearing, or trial witness to the extent that it is necessary to tender to such witness as an exhibit a confidential document in order to elicit testimony relevant to the matters at issue in this case; and
    g. The jury.

3. Counsel may make copies of the SBI Report for their experts upon receiving from said experts a written agreement that they will be bound by the terms of this Protective Order. The requirement of obtaining such an agreement shall be satisfied by having each expert read, acknowledge, and agree in writing to the be bound by this Protective Order. A file of all such written acknowledgments shall be maintained by Plaintiffs' and/or Defendants' counsel. By signing the declaration agreeing to be bound by this Protective Order, each expert submits himself or herself to the jurisdiction of this Court for purposes of enforcement of this Protective Order.

4. Individuals who are permitted access to the SBI Report pursuant to paragraph 2 are hereby ordered not to show, convey, or reproduce any documents so designated or parts thereof, or copies thereof, or any matter contained therein, or any extracts or summaries thereof, to any individual, or to any entity that would not otherwise have access to said documents under the terms of this Protective Order.

5. The provisions of Local Civil Rule 6.1, W.D.N.C., along with Section V.G(1)(a) of the ECF Administrative Policies and Procedures Manual cited therein, shall control the filing of sealed documents:

   Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and supporting memorandum of law specifying (a) the exact documents, things and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the Court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the Court.

6. At the conclusion of this litigation, the SBI Report and all copies subject to this Protective Order shall be returned to the SBI or destroyed, with a certification that no other copies exist and that all copies have been duly returned or destroyed in compliance

with this Order. The return of trial exhibits by the Court shall be governed by Local Civil Rule 79.1.

7. This Protective Order shall not prevent any party, or the SBI, from applying to the Court for relief from this Protective Order, from applying to the Court for further or additional Protective Orders, or from agreeing between themselves as to the modification of this Protective Order, with the consent of the SBI and subject to approval by the Court.

**SO ORDERED**.

Signed: March 21, 2022

David S. Cayer
United States Magistrate Judge

AGREED TO BY:

| | |
|---|---|
| **SIGMON, CLARK, MACKIE, HANVEY & FERRELL, PA.**<br><br>By: /s/ Andrew J. Howell<br>Andrew J. Howell<br>N.C. State Bar No. 42921<br>Attorney for Plaintiff<br>P.O. Drawer 1470<br>Hickory, NC 28603<br>Telephone: (828) 328-2596<br>Facsimile: (828) 328-6876<br>Email: Andy.howell@sigmonclark.com | **HALL BOOTH SMITH, P.C.**<br><br>By: /s/ Scott MacLatchie<br>Scott MacLatchie<br>Attorney for Adam Shane Gragg<br>11215 North Community House Road, Ste. 750<br>Charlotte, NC 28277<br>Telephone: (980) 949-7820<br>Facsimile: (678) 539-1507<br>Email: smaclatchie@hallboothsmith.com |
| **WOMBLE BOND DICKINSON (US) LLP**<br><br>By: /s/ Brian F. Castro<br>Brian F. Castro<br>N.C. State Bar No. 53412<br>555 Fayetteville Street, Suite 1100<br>Raleigh, NC 27601<br>Telephone: (919) 755-8135<br>Facsimile: (919) 755-6163<br>Email: Brian.Castro@wbd-us.com<br><br>James R. Morgan, Jr.<br>N.C. State Bar No. 12496<br>One West Fourth Street<br>Winston-Salem, NC 27101<br>Telephone: (336) 721-3710<br>Facsimile: (336) 733-8394<br>E-mail: Jim.Morgan@wbd-us.com<br><br>*Attorneys for Defendants Watauga County Sheriff Len D. Hagaman and CNA Surety Corporation* | **N.C. STATE BUREAU OF INVESTIGATION**<br><br>By: /s/ Angel E. Gray<br>Angel E. Gray, General Counsel<br>3320 Garner Road<br>Raleigh, NC 27610<br>Telephone: (919) 582-8512<br>Facsimile: (919) 662-4523<br>Email: agray@ncsbi.gov |